Taylor, Chief-Justice,
 

 delivered the opinion of the Court:
 

 The first reason is answered by tbe statement in the indictment, which charges the Defendant with taking* the oath, « he the said John Witherow, on the 16th day of
 
 *155
 

 <{
 
 April, in the year aforesaid, in the County aforesaid,
 
 “
 
 came before the said Duncan Cameron, Judge as afore-
 
 Si
 
 said, and then and there before the said Duncan Came-
 
 s<
 
 ron, he the said John Withcrow, did take his corporal
 
 (i
 
 oath, &c.” The part of the indictment immediately preceding, states that the same Judge held the Court that term in Rutherford County : the same County is inserted in the caption of the indictment, and there is none other mentioned in any part of it. The words
 
 “
 
 then and there,” must consequently refer to the 16th day of April and to the County of Rutherford.
 

 With respect to the second reason: the indictment, after stating that the oath was taken before the Judge, he having competent power to administer the same, proceeds to charge that the Defendant did depose and give evidence to the Jurors. This way of stating the oath is the proper one; 1st. Because the evidence given was on an issue joined between the parties in the suit; and it is called evidence, because thereby the point in issue is to be made evident to the Jury.
 
 *
 
 2d. It is agreeable to the most approved forms of indictments for perjury committed on the trial of an issue. The oath is taken before the Court, but the evidence is given to the Jury ; and the crime consists in giving false evidence to them in a material point in issue. It is the exclusive province of the Jury to deckle upon the facts in issue, and therefore the evidence is given to them to enable them to decide. Whence it follows, that the charge in the indictment is true in point of fact, mi well as technically correct.
 
 †
 
 The reasons in arrest must be overruled.
 

 *
 

 1 Inst. 283.
 

 †
 

 4 Wentw. 273.